```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


 KING SANDI AMIR EL                        CIVIL ACTION

 VERSUS                                    NO: 16-2125

 LOUISIANA STATE, ET AL.                   SECTION: "J"(2)
```

### ORDER & REASONS

Before the Court is Defendant, the Parish of Jefferson, Louisiana's (Jefferson Parish) *Motion to Dismiss Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure* **(R. Doc. 17)**, and a response thereto filed by Plaintiff King Sandi Amir El **(R. Doc. 18)**. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**, as explained more fully below.

### FACTS AND PROCEDURAL BACKGROUND

Jefferson Parish's motion comes in response to this Court's July 25, 2016 Entry of Default against the Parish and the State of Louisiana (Defendants). (R. Doc. 14.) On March 14, 2016, Plaintiff filed a *pro se* and *in forma pauperis* suit against Jefferson Parish and the State of Louisiana alleging numerous constitutional violations. (R. Doc. 1.) On June 7, 2016, Plaintiff filed an *Ex Parte Motion for Entry of Default* against Defendants for failure to plead or otherwise respond. (R. Doc. 9-1 at 3.) On September 12, 2016, Jefferson Parish filed the present motion to dismiss

arguing that Plaintiff failed to effect proper service on Jefferson Parish. (R. Doc. 17-1.) Consequently, Jefferson Parish argues that all claims against the Parish should be dismissed and the entry of default set aside. *See id.* In response, Plaintiff argues that the Defendants were properly served "whether directly or via employees (parish-state agents) by the U.S. Marshall's service. . . ." (R. Doc. 18 at 2.) Jefferson Parish's motion to dismiss is now before the Court on the briefs and without oral argument.

## DISCUSSION

Jefferson Parish argues that Plaintiff failed to effect proper service on the Parish's agent for service of process. Jefferson Parish produced the process receipt and return which shows that Plaintiff requested the Marshal's service effect service on the "District Attorney's Office for the Parish of Jefferson (State of La.), 200 Derbigny Street, Gretna, La." (R. Doc. 8.) Jefferson Parish argues that the "District Attorney's Office for the Parish of Jefferson" is not an agent for service of process for the Parish, nor is the district attorney's office permitted to accept service on behalf of Jefferson Parish. Patti Nuccio, an administrative assistant at the district attorney's office, was the person who accepted service from the Marshal's service. Jefferson Parish argues that she is not a named defendant in this case nor an agent of Jefferson Parish authorized to accept service on its behalf. For these reasons, Jefferson Parish argues

2

that service of process was insufficient and all claims against it should be dismissed. (R. Doc. 8.) In opposition, Plaintiff argues that Defendants were properly served "directly or via employees" by the United States Marshal's Service. (R. Doc. 18 at 2.)

Jefferson Parish's Rule 12(b)(5) motion to dismiss is, in essence, also asking the Court to set aside the Court's Entry of Default (R. Doc. 14). Under Rule 12(b)(5), a defendant may assert insufficient service of process as a defense to a claim for relief. *Lewis v. La. Dep't of Transp. & Dev.*, No. 10-4600, 2011 WL 3502327, at *1 (E.D. La. Aug. 10, 2011). The burden of proof is on the party asserting the sufficiency of the process and service at issue. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013). "The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). Courts consider three factors to determine whether "good cause" exists: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defense is meritorious. *Hancock Bank v. Oller*, No. 14-1300, 2016 WL 301695, at *2 (E.D. La. Jan. 25, 2016).

Jefferson Parish did not address the three "good cause" factors, but the Court shall interpret Jefferson Parish's motion to dismiss for improper service as the default not being willful and as a potentially meritorious defense. *See United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citing cases) (construing motion not labeled as "motion to set aside entry

3

as default" as such). Thus, if Plaintiff cannot satisfy his burden of proving service on Jefferson Parish was proper, the Entry of Default against the Parish will be set aside. *See In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008) (motions to set aside entry of default are more commonly granted than motions to set aside default judgments); *Broad. Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Plaintiff's opposition to Jefferson Parish's motion to dismiss is void of any legal support for his assertion that service on Ms. Nuccio is proper under of the Federal Rules of Civil Procedure or Louisiana Code of Civil Procedure. Specifically, Plaintiff fails to address Rule 4(j)(2)[1] or Article 1265[2] of the Louisiana Code of Civil Procedure. *See* (R. Doc. 18.) Plaintiff only argues that Jefferson Parish was

---

[1] Rule 4(j)(2)(A)-(B) provides that service of process on a local government can be made either by "delivering a copy of the summons and of the complaint to its chief executive officer, or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

[2] Article 1265 states:

> Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion. If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found.

La. Code of Civ. P. Art. 1265. *See also* La. Rev. Stat. § 39:1538; La. Rev. Stat. § 13:5107.

properly served either directly or via employees by the United States Marshal's service on April 1, 2016. *Id.* Similarly, Jefferson Parish's motion merely states that Ms. Nuccio is not the agent for service of process for Jefferson Parish, and therefore service was improper. (R. Doc. 12.) Jefferson Parish's motion fails to affirmatively state who its agent for service of process is, or the proper method to serve Jefferson Parish under the federal or state rules. Nevertheless, it is Plaintiff's burden to prove the sufficiency of process and service. *Shabazz*, 515 F. App'x at 264. Plaintiff has failed to prove process and service were sufficient as to Defendant Jefferson Parish. Accordingly, the Court must determine whether to dismiss the action without prejudice or provide the *pro se* Plaintiff additional time to attempt proper service.

Upon determination that service was insufficient, the district court may simply quash service of process or dismiss the action without prejudice. *See Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654, 665 (N.D. Tex. 2002). "Where a court finds service is insufficient but curable, the general rule is that it should quash the service rather than dismiss the complaint and give the plaintiff an opportunity to re-serve the defendant." *Rhodes v. J.P. Sauer & Sons, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000). Dismissal is proper only where proper service would be futile. *Id.* The Court

finds that dismissal is inappropriate due to Plaintiff's *pro se* status and diligent attempt to properly serve Jefferson Parish. Further, despite acting *pro se*, Plaintiff's numerous filings and attempted use[3] of the Federal Rules shows his willingness and ability to properly serve Jefferson Parish. *See Raburn v. Dae Woo, Inc.*, No. 09-1172, 2010 WL 743933, at *4 (N.D. Tex. Mar. 3, 2010) (noting the plaintiff's "willingness and ability" to properly serve defendant as factor in support of granting additional time). Accordingly, while the Entry of Default is set aside as to Jefferson Parish, the Court denies Jefferson Parish's request to dismiss Plaintiff's claims without prejudice. Plaintiff shall be granted an additional ninety (90) days to properly serve Jefferson Parish in conformity with the Federal Rules of Civil Procedure.

The State of Louisiana has not filed a response in this case, presumably because Plaintiff did not properly serve the State of Louisiana. Rule 4(j)(2) provides that a state must be served by delivering a copy of the summons and complaint to the state's chief executive officer or in a matter prescribed by that state's law. *See* Fed. R. Civ. P. 4(j)(2). Governor John Bel Edwards is the Chief Executive Officer of Louisiana. *See Terrebonne Par. NAACP v. Jindal*, No. 14-069, 154 F. Supp. 3d 354, 360 (M.D. La. Dec. 8,

---

[3] Plaintiff's motion in opposition cited to Federal Rule 4(l)(1) in support of his argument that service was proper. (R. Doc. 18 at 2.) However, Rule 4(l)(1) provides how to prove service, not whether such service was proper.

2015). Plaintiff did not serve Governor Edwards. *See* (R. Doc. 8.)

Further, Louisiana Revised Statute § 13:5107 provides:

> In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

Plaintiff has not properly served any proper person pursuant to § 13:5107. (R. Doc. 8.) Thus, Plaintiff has failed to prove service of process upon Defendant State of Louisiana was proper. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed the court—on motion **or on its own** after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (explaining that if proper service is not made, the action is subject to *sua sponte* dismissal, without prejudice, by the district court after notice to the plaintiff). The Court is acting *sua sponte* and is therefore unable to dismiss Plaintiff's claims against the State of Louisiana, because Plaintiff has not received

7

notice. *See* Fed. R. Civ. P. 4(m); *Lindsey*, 101 F.3d at 446. Accordingly, the Entry of Default (R. Doc. 14) is also set aside with respect to the State of Louisiana; however, Plaintiff shall be granted an additional ninety (90) days to properly serve the State of Louisiana in accordance with the Federal Rules of Civil Procedure. Further, this Order shall stand as notice to Plaintiff that if service is not properly executed, Plaintiff's claims may be dismissed without prejudice. *See id.*

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* **(R. Doc. 17)** is **GRANTED IN PART** and **DENIED IN PART**. The Entry of Default **(R. Doc. 14)** is hereby **SET ASIDE** with respect to both Defendants, the State of Louisiana and Jefferson Parish. However, Plaintiff is granted an additional **ninety (90) days** from the entry of this Order to properly serve Defendants in conformity with the requirements established by the Federal Rules of Civil Procedure. This Order shall stand as notice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure that if service is not properly executed, Plaintiff's claims may be dismissed without prejudice.

New Orleans, Louisiana this 4th day of October, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE