```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


KING SANDI AMIR EL                      CIVIL ACTION

VERSUS                                  NO: 16-2125

LOUISIANA STATE, ET AL.                 SECTION: "J"(2)
```

**ORDER & REASONS**

Before the Court is a Motion to Dismiss filed by Defendant, the Parish of Jefferson, Louisiana ("Jefferson Parish"). (R. Doc. 26.) Plaintiff has not filed an opposition to Jefferson Parish's motion. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Jefferson Parish's motion should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation appears to stem from Plaintiff's arrest in May of 2015. On or around May 30, 2015, Plaintiff was stopped by Defendant Officer D. Boudreaux in the front yard of his grandmother's home. Plaintiff alleges that Officer Boudreaux "aggressively demanded that Plaintiff identify himself" and to produce his driver's license. Plaintiff refused to produce any identification but identified himself as "King Sandi Amir El, a Moslem Moorish American." Despite Plaintiff's attempt to resist, Officer Boudreaux then allegedly grabbed Plaintiff's arm and led him toward his police car. Plaintiff asserts that Officer Boudreaux

1

handcuffed him and again asked Plaintiff to identify himself. Plaintiff "allowed his Clock of Destiny, Moorish Nationality Card, to be observed" by Officer Boudreaux; other deputies then arrived at the scene. One of the deputies who arrived on scene allegedly told Plaintiff, "You're not King, you are Carlton Morris." Plaintiff instructed the officer that his name is not Carlton Morris, but rather King Sandi Amir El. Officer Boudreaux then told Plaintiff to get into the police car voluntarily or he would use his Taser on him. Thereafter, Plaintiff was transported to the Jefferson Parish Correctional Center ("JPCC"). Plaintiff alleges that at the JPCC he again identified himself as a Moslem Moorish American but was mocked by Jefferson Parish deputies. While in the JPCC, Plaintiff asserts that he was held under the false name of Carlton Clennon Morris and identified on documents as "Negro" or "black," which Plaintiff also alleges is untrue.

Around June 2015, Plaintiff allegedly served an "affidavit of objection in lieu of a motion, inclusive of affidavit in support of objection with supporting documentary evidence" on the Jefferson Parish District Attorney.[1] Later, Plaintiff spoke with the Jefferson Parish Criminal Commissioner, Paul H. Schneider, and asked whether the District Attorney received these documents, to which Commissioner Schneider allegedly responded, "You are Carlton

---

[1] While it is not clear to the Court, it appears that Plaintiff was still incarcerated at this time.

2

Morris." Plaintiff alleges that he was "invidiously coerced by [Commissioner Schneider]" into being documented as Carlton Clennon Morris and identified as a "Negro."

In September 2015, Plaintiff made an appearance at the 24th Judicial District Courtroom and proclaimed that he was not a Negro, black, or a colored person.[2] Thereafter, Commissioner Schneider then allegedly stated, "You are black, and you are a Negro, and if you say anything else I will hold you in contempt." Plaintiff told Commissioner Schneider that he was denying him his right to be heard and that Plaintiff did not consent to being held "in involuntary servitude for defending [his] honor and reputation." Commissioner Schneider ordered the courtroom officer to handcuff Plaintiff and transport him to the JPCC. Plaintiff alleges that he was held for approximately forty-eight hours without reprieve. Plaintiff again alleges he was held under the name Carlton Clennon Morris.

Finally, in January 2016, Plaintiff made another appearance at the 24th Judicial District Courtroom. During proceedings before the Honorable Raymond Steib, Plaintiff asserts that he was asked to "please remove your hat" which was a "Moorish Fez." Further, Plaintiff alleges Judge Steib ordered Carlton Clennon Morris to

---

[2] Again, Plaintiff does not make clear, but it appears Plaintiff was still incarcerated at this time.

take a drug screening, but Plaintiff again alleges that he is not Carlton Clennon Morris.

On March 14, 2016, Plaintiff filed this *pro se* and *in forma pauperis* suit against Jefferson Parish and the State of Louisiana. (R. Doc. 1.) Thereafter, Plaintiff was granted leave to file an Amended Complaint and named the following individuals as Defendants: Governor John Bel Edwards, Jefferson Parish District Attorney Paul Connick, D. Boudreaux, and Sherriff Newel Norman, in their personal and official capacities. (R. Docs. 31, 32.) Plaintiff's Amended Complaint includes thirty-five different claims, including numerous alleged constitutional violations, against the four Defendants listed in the Amended Complaint. Plaintiff seeks monetary compensation from these Defendants and a declaration that they are not permitted to refer to him as Carlton Clennon Morris. Further, Plaintiff seeks a declaration that Defendants are not permitted to label or document him as Negro, black, African, or colored person. On January 25, 2017, Jefferson Parish filed the present *Motion to Dismiss for Failure to State a Claim*. (R. Doc. 26.) Jefferson Parish argues that neither Plaintiff's Original Complaint nor his Amended Complaint allege that the parish, as a political subdivision of the State of Louisiana, caused Plaintiff any harm. Accordingly, Jefferson Parish asks this Court to dismiss Plaintiff's claims against it

with prejudice. Jefferson Parish's motion is now before the Court without oral argument

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

Plaintiff's Original Complaint named the State of Louisiana and Jefferson Parish as Defendants. Plaintiff's Amended Complaint makes clear that he seeks to hold four persons, Governor John Bel Edwards, Paul D. Connick Jr., D. Boudreaux, and Sherriff Newell Normand, in their individual and official capacities, liable for the above-referenced conduct. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Stewart v. City of Houston Police Dept.*, 372 F. App'x 475, 478 (5th Cir. 2010) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff's Amended Complaint does not list Jefferson Parish as a Defendant and does not specifically refer to and adopt, nor incorporate by reference, Plaintiff's Original Complaint. Accordingly, Plaintiff's claims against Jefferson Parish have been abandoned. *See id.* Moreover, even if Plaintiff had referenced Jefferson Parish in his Original Complaint, neither Plaintiff's

Original Complaint nor his Amended Complaint allege any facts that would allow this Court to draw a reasonable inference that Jefferson Parish, in its capacity as a political subdivision of the State of Louisiana, is liable for any of the alleged misconduct. For these reasons, Plaintiff's claims against Jefferson Parish are dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against the Parish of Jefferson, Louisiana are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 31st day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE