```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| KING SANDI AMIR EL | CIVIL ACTION |
| VERSUS | No.: 16-2125 |
| LOUISIANA STATE, ET AL. | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court are motions to dismiss filed by Defendants, Louisiana Governor John Bel Edwards[1] ("Governor Edwards") and District Attorney Paul D. Connick, Jr. ("Defendant Connick").[2] Plaintiff did not file an opposition to either motion. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff's lawsuit appears to stem from his arrest in May of 2015. On or around May 30, 2015, Plaintiff was stopped by Defendant Officer D. Boudreaux in the front yard of his grandmother's home. Plaintiff alleges that Officer Boudreaux "aggressively demanded that Plaintiff identify himself" and to produce his driver's license. Plaintiff refused to produce any identification but identified himself as "King Sandi Amir El, a Moslem Moorish American." Despite Plaintiff's attempt to resist, Officer

---

[1] R. Doc. 39.
[2] R. Doc. 35.

Boudreaux grabbed Plaintiff's arm and led him toward his police car. Plaintiff asserts that Officer Boudreaux handcuffed him and again asked Plaintiff to identify himself. Plaintiff "allowed his Clock of Destiny, Moorish Nationality Card, to be observed" by Officer Boudreaux; other deputies then arrived at the scene. One of the deputies who arrived on scene allegedly told Plaintiff, "You're not King, you are Carlton Morris." Plaintiff instructed the officer that his name is not Carlton Morris, but rather King Sandi Amir El. Officer Boudreaux then told Plaintiff to get into the police car voluntarily or he would use his TASER on him. Thereafter, Plaintiff was transported to the Jefferson Parish Correctional Center ("JPCC"). Plaintiff alleges that at the JPCC he again identified himself as a Moslem Moorish American but was mocked by Jefferson Parish deputies. While in the JPCC, Plaintiff asserts that he was held under the false name of Carlton Clennon Morris and identified on documents as "Negro" or "black," which Plaintiff also alleges is untrue.

Around June 2015, Plaintiff allegedly served an "affidavit of objection in lieu of a motion, inclusive of affidavit in support of objection with supporting documentary evidence" on Defendant Connick. Later, Plaintiff spoke with the Jefferson Parish Criminal Commissioner, Paul H. Schneider, and asked whether the Defendant Connick received these documents, to which Commissioner Schneider allegedly responded, "You are Carlton Morris." Plaintiff alleges

2

that he was "invidiously coerced by [Commissioner Schneider]" into being documented as Carlton Clennon Morris and identified as a "Negro." In September 2015, Plaintiff made an appearance at the Twenty-Fourth Judicial District courtroom and proclaimed that he was not a Negro, black, or a colored person. Thereafter, Commissioner Schneider allegedly stated, "You are black, and you are a Negro, and if you say anything else I will hold you in contempt." Plaintiff told Commissioner Schneider that he was denying him his right to be heard and that Plaintiff did not consent to being held "in involuntary servitude for defending [his] honor and reputation." Commissioner Schneider ordered the courtroom officer to handcuff Plaintiff and transport him to the JPCC. Plaintiff alleges that he was held for approximately forty-eight hours without reprieve. Plaintiff again alleges he was held under the name Carlton Clennon Morris. Finally, in January 2016, Plaintiff made another appearance at the Twenty-Fourth Judicial District courtroom. During proceedings before the Honorable Raymond Steib, Plaintiff asserts that he was asked to "please remove your hat" which was a "Moorish Fez." Further, Plaintiff alleges Judge Steib ordered Carlton Clennon Morris to take a drug test, but Plaintiff again alleges that he is not Carlton Clennon Morris. After Plaintiff was ordered to take the drug test, Plaintiff apparently fled and an attachment was issued.

On March 14, 2016, Plaintiff filed this pro se and in forma pauperis suit against Jefferson Parish[3] and the State of Louisiana. (R. Doc. 1.) Plaintiff was granted leave to file an amended complaint and named the following individuals as Defendants: Governor Edwards, Defendant Connick, D. Boudreaux, and Sherriff Newell Norman, in their personal and official capacities. (R. Docs. 31, 32.) Plaintiff's amended complaint includes thirty-five different claims, including numerous alleged constitutional violations, against the four Defendants listed in the amended complaint. Plaintiff seeks monetary compensation from these Defendants and a declaration that they are not permitted to refer to him as Carlton Clennon Morris. Further, Plaintiff seeks a declaration that Defendants are not permitted to label or document him as Negro, black, African, or colored person. Plaintiff also asks this Court to enjoin the criminal proceedings against him in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana.

On March 28, 2017, Defendant Connick filed a motion to dismiss Plaintiff's complaint as frivolous and for failing to state a plausible claim for relief. (R. Doc. 35.) Defendant Connick also argues that even if a claim may be divined from Plaintiff's filings, he is entitled to absolute prosecutorial immunity and

---

[3] Jefferson Parish has been dismissed from this lawsuit. R. Doc. 38.

qualified immunity. On April 11, 2017, Governor Edwards filed a motion to dismiss Plaintiff's complaint as frivolous and for failing to state a plausible claim for relief. (R. Doc. 38.) Governor Edwards argues that Plaintiff's complaint lacks any arguable basis in law and fact and is indisputably meritless. Further, Governor Edwards contends that even if Plaintiff has stated a claim for relief, Plaintiff is not entitled to monetary damages from him, and he is entitled to qualified immunity. Again, Plaintiff has not filed a response to either motion. These motions are now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

**1. Governor Edwards' Motion to Dismiss**

To hold Governor Edwards liable, Plaintiff must establish either that he was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [Governor Edwards] . . . and the alleged constitutional violation." *Miller v. Clement*, No. 16-5778, 2016 WL 4530620, at *3 (E.D. La. Aug. 10, 2016) (quoting *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)). Plaintiff's complaint (R. Doc. 1) and amended complaints (R. Docs. 5, 32) are

devoid of any facts which would suggest that Governor Edwards should be involved in this litigation in his personal capacity. Governor Edwards name is merely listed as a defendant in this lawsuit, and Plaintiff seeks $175.001 [sic] dollars from him.

Governor Edwards may be held liable for acts of his subordinates, but only if he has instituted an unconstitutional policy that resulted in an injury to Plaintiff. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Plaintiff has failed to state any plausible set of facts which would entitle him to relief against Governor Edwards under this theory. Accordingly, Plaintiff's claims against Governor Edwards are dismissed with prejudice for failure to state a plausible claim for relief. *See Taylor*, 296 F.3d at 378. Further, given the frivolity of Plaintiff's complaint, Plaintiff shall not be permitted leave to file an amended complaint against Governor Edwards. *See Bey v. Sutton*, No. 413-205, 2013 WL 5816427, at *1 (S.D. Ga. Oct. 29, 2013) (finding a "Moorish American's" complaint so frivolous that a "re-pleading option" was not warranted).

2. **Defendant Connick's Motion to Dismiss**

Plaintiff's complaint and amended complaints are similarly light on facts as to Defendant Connick. Plaintiff alleges that he sent Defendant Connick an "affidavit of objection in lieu of motion, and affidavit in support, and declaration of special (and not general) appearance inclusive of lawful notice via United

7

States Postal service." (R. Doc. 32 at 19.) Plaintiff further alleges that he sent Defendant Connick a motion for entry of default in an attempt to "educate" him. *Id.* at 20. Finally, Plaintiff alleges that during proceedings before Judge Steib he was interrupted by Defendant Connick who allegedly asked Plaintiff to remove his hat while in court. *Id.* at 21. Plaintiff seeks $575.001 [sic] from Defendant Connick.

Once again, Plaintiff has failed to allege any set of facts that would entitle him to relief against Defendant Connick. It appears that Plaintiff is like many other "Moorish Americans" who attempt to escape the laws of this country. *See, generally*, *Johnson-Bey v. Lane*, 863 F.2d 1308 (7th Cir. 1988) (explaining the background of the "Moorish Science Temple of America"); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives). Despite his effort, and even as a pro se, in forma pauperis litigant, Plaintiff must still demonstrate facts that would entitle him to the relief requested. *Walker v. Grimes*, No. 16-74, 2017 WL 663349, at *1 n.1 (M.D. La. Feb. 17, 2017) (citing *Castro v. United States*, 540 U.S. 375, 381-82 (2003)). Because Plaintiff has failed to do so, his claims against Defendant Connick must be dismissed with prejudice. Finally, to the extent that Plaintiff asks this Court to enjoin the state criminal proceedings pending against him, this request

is denied. *See Younger v. Harris*, 401 U.S. 37 (1971). It appears that there is an ongoing state judicial proceeding pending in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana against Plaintiff,[4] the state has an important interest in adjudicating Plaintiff's criminal charges, and any viable constitutional challenges Plaintiff may have may be raised in the state proceeding. Finally, Plaintiff shall not be permitted leave to file an amended complaint against Defendant Connick. *See Bey*, 2013 WL 5816427, at *1.

**3. The State of Louisiana**

Finally, since Plaintiff has filed this matter in forma pauperis the Court may, sua sponte, consider whether all or part of Plaintiff's complaint should be dismissed as frivolous. *See Washington v. U.S. Ct. of App. Fifth Cir.*, No. 8-4583, 2009 WL 482134, at *2 (E.D. La. Feb. 20, 2009) (citing 28 U.S.C. § 1915(e)(2)(B)). The Fifth Circuit has noted that a "'district court may dismiss an [in forma pauperis] proceeding for frivolousness or maliciousness at any time, before or after service of process,' and that a district court is 'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Id.* (quoting *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1998)). In making this determination the Court has "not

---

[4] *See* R. Doc. 35-4.

only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Id.* (citing *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994)). But a court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Id.* (citing *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)).

From the facts alleged, Plaintiff's claims against the State of Louisiana are clearly baseless and must be dismissed. As noted above, Plaintiff is a "Moorish Moslem American" who is attempting to escape the laws of this country. Further, Plaintiff's original complaint listed the State of Louisiana as a defendant in this matter, but his amended complaint does not list the State of Louisiana as a defendant. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010). Accordingly, Plaintiff's claims against the State of Louisiana

have been abandoned. Further, the State of Louisiana is immune from suit in federal court under the Eleventh Amendment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, Louisiana Governor John Bel Edwards' *Motion to Dismiss* **(R. Doc. 39)** is **GRANTED**, and Plaintiff's claims against Louisiana Governor John Bel Edwards are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant, District Attorney Paul D. Connick, Jr.'s *Motion to Dismiss* **(R. Doc. 35)** is **GRANTED**, and Plaintiff's claims against District Attorney Paul D. Connick, Jr. are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against the State of Louisiana are **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

New Orleans, Louisiana this 12th day of May, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE