```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
```

KING SANDI AMIR EL                          CIVIL ACTION

VERSUS                                      No. 16-2125

LOUISIANA STATE, ET AL.                     SECTION: "J"(2)

## ORDER

Before the Court is Plaintiff's *Motion for Injunctive Relief* **(Rec. Doc. 54)** pursuant to Fed. Rule Civ. P. 65(a). Having considered the motion, legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

A preliminary injunction is an "extraordinary and drastic remedy" that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Munaf v. Geren*, 553 U.S. 674, 689 (2008). A plaintiff seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that their substantial injury outweighs the threatened harm to the party whom they seek to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest. *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012); *accord Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

The decision to grant or deny a preliminary injunction is discretionary with the district court. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). However, because a preliminary injunction is an extraordinary remedy, it "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Suehs*, 692 F.3d at 348. Consequently, the decision to grant a preliminary injunction "is the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621.

Plaintiff claims that he is a "Free Moor, of the Moroccan Empire," and as such, he requests that the Court enjoin Jefferson Parish and the State of Louisiana, "et al,"[1] from referring to Plaintiff as "Carlton Clennon Morris" or "King Saudi Amir El" and from identifying Plaintiff as a United States citizen. Plaintiff claims that the "activities" committed by the defendants are prejudicial "to the birth rights and obligations of Free Moors in North America who are not born or naturalized within the limits of the United States." (Rec. Doc. 54 at 5.)

Even if Plaintiff were able to demonstrate a strong likelihood of success on the merits, the Court finds that Plaintiff has failed to establish a likelihood of irreparable harm. *Holland Am. Ins.*

---

[1] Plaintiff initially filed suit against Louisiana State, Jefferson Parish, John Bel Edwards, Paul D. Connick, Jr., D. Boudreaux, and Newell Normand. All but Newell Normand have been dismissed from this lawsuit. (Rec. Docs. 38, 43.) Plaintiff recently filed another suit against Louisiana State, which the Court consolidated with this action. (Rec. Doc. 51.)

*Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (Irreparable harm must be more than "an unfounded fear on the part of the applicant.").

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 3rd day of October, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE