UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KING SANDI AMIR EL                                    CIVIL ACTION

VERSUS                                                NO. 16-2125

STATE OF LOUISIANA ET AL.                             SECTION "J" (2)

## ORDER AND REASONS ON MOTION

Plaintiff's (second) Motion for Leave to File Amended Complaint, Record Doc. No. 53, is pending before me. Jefferson Parish Sheriff Newell Normand is the sole remaining defendant in this case, in which plaintiff King Sandi Amir El is proceeding pro se and in forma pauperis, all other defendants having been previously dismissed. Record Doc. Nos. 38, 43 and 48. Plaintiff appears to be trying to add (1) claims against new defendants Judge Raymond Steib and Commissioner Paul H. Schneider, who are both judicial officials of the 24th Judicial District Court for Jefferson Parish, and (2) new allegations against the previously dismissed defendants.

## ANALYSIS

A.   Standards of Review

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d

863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 50, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting S & W Enters., 315 F.3d at 535); accord Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008); In re Int'l Marine, LLC, No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009).

The court's scheduling order requires that amendments be filed no later than September 18, 2017. Plaintiff filed his motion for leave to amend on September 19, 2017,

one day after the deadline. Given this very short delay, the court applies both the Rule 15 and Rule 16 standards. Under Rule 15, the court finds that there has been no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed (although he has previously amended his complaint twice, once as a matter of right and once with leave of court, Record Doc. Nos. 5, 32), or prejudice to the opposing party as a result of the delay. However, the amendment is futile for the following reasons.

B. <u>Judicial Immunity</u>

Plaintiff's proposed amended complaint challenges the actions of two new defendants, Judge Steib and Commissioner Schneider, with respect to their rulings in state court criminal proceedings against plaintiff in 2015 and 2016. A commissioner is a state judicial officer who handles preliminary criminal matters in a state magistrate court. All of plaintiff's claims against these proposed defendants are barred by judicial immunity.

For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citing <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." <u>Ammons v. Baldwin</u>, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); <u>accord</u> <u>Washington v.</u>

Bolin, 492 F. App'x 470, 471-72 (5th Cir. 2012); Price v. Lemmon, 380 F. App'x 457, 2010 WL 2340809, at *1 (5th Cir. 2010); Mays, 97 F.3d at 110-11; see also Black v. Griffin, No. 5:14-CV-3374, 2015 WL 158912, at *2 (W.D. La. Jan. 9, 2015), aff'd, 638 F. App'x 371 (5th Cir. 2016) (same as to commissioner in Louisiana state court); Granger v. Blandford, No. 12-148, 2012 WL 1499248, at *2-3 (E.D. La. Apr. 10, 2012), report & recommendation adopted, 2012 WL 1503021 (E.D. La. Apr. 27, 2012) (same). This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Price, 2010 WL 2340809, at *1; Mays, 97 F.3d at 110-11.

In the past, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a judge in his official capacity. Haas v. Wisconsin, 109 F. App'x 107, 114 (7th Cir. 2004); Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against the judge and commissioner whom plaintiffs seeks to add as defendants. Lawrence v. Kuenhold, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) (citing Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006); Bolin, 225 F.3d at 1242); Haas, 109 F. App'x at 114; Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

In addition, to whatever extent, if any, that plaintiff seeks an order of this court directing the judge and commissioner to take action concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276

(5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct., 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. La. S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001). This court is without authority to order officials of the state court having jurisdiction over criminal charges against plaintiff to treat him in any particular way or to otherwise interfere with the orders of its judges.

The actions taken by the judge and commissioner whom plaintiff seeks to add as defendants in this case are within the scope of their roles as judicial officers and therefore within their jurisdiction. Consequently, the doctrine of absolute judicial immunity bars plaintiff's suit against these judicial officers, plaintiff fails to state a plausible claim for relief against these proposed defendants, and the amendment would be futile.

### C. Claims Against Dismissed Defendants

Even construed broadly, plaintiff's proposed amended complaint fails to allege anything that could reasonably be construed as an actionable constitutional violation committed by the previously dismissed defendants that would be sufficient to reverse the dismissals. His proposed complaint fails to state a plausible claim upon which relief might be granted against these defendants and is futile.

D.  Respondeat Superior/Supervisory Liability

Plaintiff appears to assert that Jefferson Parish Sheriff's deputies violated his constitutional rights by committing some, difficult to discern, actions. Plaintiff's proposed amendment does not identify any particular deputies. He also has not alleged that Sheriff Normand was personally involved in the events of which he complains. The sheriff is not even mentioned in the proposed amended complaint, except in the paragraph that names the defendants. Plaintiff apparently names the sheriff as a defendant based solely upon the sheriff's official responsibilities over his deputies and the parish jail facility.

"There is no respondeat superior liability under section 1983." Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996); accord Field v. Corr. Corp., 364 F. App'x 927, 929 (5th Cir. 2010); Cox v. Irby, 281 F. App'x 390, 391 (5th Cir. 2008); Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006). Thus, this defendant cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because the persons allegedly responsible for plaintiff's injury, if any, were in his employ or under his supervision. Sanders v. English, 950 F.2d 1152, 1160 (5th Cir. 1992); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979); Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

To hold the sheriff liable, plaintiff must establish either that the sheriff was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [this defendant] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); accord Cox, 281 F. App'x at 391; Kohler, 470 F.3d at 1115. "It is facially evident that this test cannot be met if there is no underlying constitutional violation." Rios v. City of Del Rio, 444 F.3d 417, 425-26 (5th Cir. 2006) (citing Breaux v. City of Garland, 205 F.3d 150, 161 (5th Cir. 2000)); accord Brauner v. Coody, 793 F.3d 493, 501 (5th Cir. 2015). In his proposed amended complaint, plaintiff has failed to allege either that the sheriff was personally involved in any acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the sheriff and the alleged constitutional violation.

A supervisory official may be held liable for his subordinates' actions only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Thompson v. Johnson, 348 F. App'x 919, 921 (5th Cir. 2009) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)); Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435 (5th Cir. 2008). Without alleging a particular custom, usage or policy for which the sheriff can be held constitutionally liable, plaintiff fails to state a claim for relief

under Section 1983. Monell, 436 U.S. at 691-95; Thompson, 348 F. App'x at 921-22; Mouille, 977 F.2d at 929. No such unconstitutional custom, usage or policy has been alleged. Plaintiff's proposed amended complaint fails to state a plausible claim for relief against Sheriff Normand and is futile.

## CONCLUSION

For all of the reasons discussed above, plaintiff fails both to show good cause under Rule 16(b)(4) to amend the scheduling order to allow his amended complaint and to assert cognizable claims in his proposed amendment because it is futile under the Rule 15 standard. Accordingly, plaintiff's Motion for Leave to File Amended Complaint, Record Doc. No. 53, is DENIED.

New Orleans, Louisiana, this ___6th___ day of October, 2017.

                                    JOSEPH C. WILKINSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE