```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


   KING SANDI AMIR EL                 CIVIL ACTION

   VERSUS                             No.: 16-2125
                                      c/w 17-3061
   LOUISIANA STATE, ET AL.            SECTION: "J"(2)
```

### ORDER & REASONS

Before the Court is a *Motion to Dismiss Pursuant to FRCP 12(c) or, alternatively, for Summary Judgment Pursuant to FRCP 56* filed by Defendant, former Jefferson Parish Sheriff Newell Normand, in his individual capacity, and current Jefferson Parish Sheriff Joseph Lopinto, in his official capacity as the Sheriff of Jefferson Parish.[1] **(Rec. Doc. 60.)** Plaintiff, King Sandi Amir El, did not file an opposition to the motion. Having considered the

---

[1] Plaintiff's amended complaint names Newell Normand "both in his personal capacity, and Official capacity as employee for Jefferson Parish State of Louisiana." (Rec. Doc. 32 at 1.) In the motion to dismiss, Normand notes that he is no longer the Sheriff of Jefferson Parish and that Plaintiff's official capacity claim is now in reality a claim against his successor, Sheriff Joseph Lopinto, in his official capacity as current Sheriff of Jefferson Parish. Federal Rule of Civil Procedure 25(d) provides:
> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Accordingly, current Jefferson Parish Sheriff Lopinto is substituted as the defendant with respect to the official-capacity claims.

motion and legal memoranda, the record, and the applicable law, the Court finds that the *Motion to Dismiss* should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation appears to stem from Plaintiff's arrest in May of 2015. On or around May 30, 2015, Plaintiff was stopped by Defendant Officer D. Boudreaux in the front yard of his grandmother's home. Plaintiff alleges that Officer Boudreaux "aggressively demanded that Plaintiff identify himself" and to produce his driver's license. Plaintiff refused to produce any identification but identified himself as "King Sandi Amir El, a Moslem Moorish American." Despite Plaintiff's attempt to resist, Officer Boudreaux then allegedly grabbed Plaintiff's arm and led him toward his police car. Plaintiff asserts that Officer Boudreaux handcuffed him and again asked Plaintiff to identify himself. Plaintiff "allowed his Clock of Destiny, Moorish Nationality Card, to be observed" by Officer Boudreaux; other deputies then arrived at the scene. One of the deputies who arrived on scene allegedly told Plaintiff, "You're not King, you are Carlton Morris." Plaintiff instructed the officer that his name is not Carlton Morris, but rather King Sandi Amir El. Officer Boudreaux then told Plaintiff to get into the police car voluntarily or he would use his Taser on him. Thereafter, Plaintiff was transported to the Jefferson Parish Correctional Center ("JPCC"). Plaintiff alleges that at the JPCC he again identified himself as a Moslem Moorish

American but was mocked by Jefferson Parish deputies. While in the JPCC, Plaintiff asserts that he was held under the false name of Carlton Clennon Morris and identified on documents as "negro" or "black," which Plaintiff also alleges is untrue.

In September 2015, Plaintiff made an appearance at the 24th Judicial District Courtroom and proclaimed that he was not a Negro, black, or a colored person. Thereafter, Commissioner Schneider then allegedly stated, "You are black, and you are a Negro, and if you say anything else I will hold you in contempt." Plaintiff told Commissioner Schneider that he was denying him his right to be heard and that Plaintiff did not consent to being held "in involuntary servitude for defending [his] honor and reputation." Commissioner Schneider ordered the courtroom officer to handcuff Plaintiff and transport him to the JPCC. Plaintiff alleges that he was held for approximately forty-eight hours without reprieve. Plaintiff again alleges he was held under the name Carlton Clennon Morris.

Finally, in January 2016, Plaintiff made another appearance at the 24th Judicial District Courtroom. During proceedings before the Honorable Raymond Steib, Plaintiff asserts that he was asked to "please remove your hat" which was a "Moorish Fez." Further, Plaintiff alleges Judge Steib ordered Carlton Clennon Morris to take a drug screening, but Plaintiff again alleges that he is not Carlton Clennon Morris.

On March 14, 2016, Plaintiff filed this *pro se* and *in forma pauperis* suit against Jefferson Parish and the State of Louisiana. (Case No. 16-2125; Rec. Doc. 1.) Thereafter, the Court granted Plaintiff leave to file an Amended Complaint and name the following individuals as Defendants: Governor John Bel Edwards, Jefferson Parish District Attorney Paul Connick, Deputy D. Boudreaux, and Sheriff Newel Normand, in their personal and official capacities. (Rec. Docs. 31, 32.) Plaintiff's Amended Complaint includes thirty-five different claims, including numerous alleged constitutional violations, against the four Defendants listed in the Amended Complaint. Plaintiff seeks monetary compensation from these Defendants and a declaration that they are not permitted to refer to him as Carlton Clennon Morris. Further, Plaintiff seeks a declaration that Defendants are not permitted to label or document him as Negro, black, African, or colored person.

On April 3, 2017, the Court granted Jefferson Parish's *Motion to Dismiss for Failure to State a Claim* (Rec. Doc. 26) dismissing all claims against Jefferson Parish with prejudice. (Rec. Doc. 38.) On May 12, 2017, the Court also granted Governor Edwards' *Motion to Dismiss* (Rec. Doc. 35) dismissing the claims against Governor Edwards, Jefferson Parish District Attorney Connick, and the State of Louisiana with prejudice. (Rec. Doc. 43.) On July 19, 2017, the Court dismissed the claims against Jefferson Parish Sheriff Deputy D. Boudreaux without prejudice during the Court's

4

call docket. (Rec. Doc. 48.) On October 3, 2017, the Court denied Plaintiff's *Motion for Emergency Injunctive Relief*. (Rec. Doc. 55.) On October 24, 2017, former Jefferson Parish Sheriff Newell Normand, in his individual capacity, and current Jefferson Parish Sheriff Joseph Lopinto, in his official capacity as the Sheriff of Jefferson Parish, filed the instant *Motion to Dismiss Pursuant to FRCP 12(c) or, alternatively, for Summary Judgment Pursuant to FRCP 56*. **(Rec. Doc. 60.)** Plaintiff did not file an opposition. The motion is now before the Court on the briefs and without oral argument.

## **LEGAL STANDARD AND DISCUSSION**

Former Sheriff Normand, in his individual capacity, and current Sheriff Lopinto, in his official capacity as the Sheriff of Jefferson Parish move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

### A. **Claims against former Sheriff Normand in his Individual Capacity**

To hold Normand liable, in his individual capacity, Plaintiff "must allege specific conduct giving rise to a constitutional

6

violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). Here, Plaintiff has made no factual allegations against Normand, nor has Plaintiff alleged that Normand was personally involved in the events surrounding his purported constitutional violations. To the extent Plaintiff names Normand as a defendant based only on his (former) role as supervisor of the deputies and the jail facility, the law is clearly established that respondeat superior liability is not a viable theory under section 1983. *See, e.g., Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, Plaintiffs claims against Normand in his individual capacity must be dismissed.

**B. <u>Claims against current Sheriff Lopinto in his Official Capacity</u>**

"A suit against a public official in his official capacity 'is *not* a suit against the official personally.' Rather, because an award of monetary damages against an official in his official capacity can only be executed against the government entity, the

suit is 'to be treated as a suit against the entity.'" *Alex v. St. John the Baptist Par. Sheriff's Office*, 16-17019, 2017 WL 5157538, at *3 (E.D. La. Nov. 7, 2017) (quoting *Monell v. New York City Department of Social Services*, 436 U.S. 358 (1978) and *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Accordingly, an official-capacity suit against the Sheriff would in reality be a claim against the local government entity he serves. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Department,* 130 F.3d 162, 167 (5th Cir. 1997) (citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some

interaction with a governmental entity." *Colle v. Brazos County, Texas,* 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura,* 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana,* 74 F. App'x 315, 316 (5th Cir. 2003). Here, Plaintiff's complaint does not allege an unconstitutional custom, usage, or policy. Nor does he state any facts that show that such a policy, if any, was causally related to Plaintiff's alleged injuries. As such, Plaintiff does not allege or show any pattern of unconstitutional conduct. Therefore, Plaintiff's official capacity claims must be dismissed.

C. **Plaintiff's Claims Against the State of Louisiana**

The Court dismissed Plaintiff's claims against the State of Louisiana as frivolous on May 12, 2017. (Rec. Doc. 43.) However, due to the transfer and consolidation of another *pro se* and *in forma pauperis* complaint filed by Plaintiff ("the Consolidated Complaint"),[2] Plaintiff's claims against the State of Louisiana are once again before the Court. In the Consolidated Complaint, Plaintiff seeks "declaratory relief . . . [that] the proceedings in the STATE OF LOUISIANA, Courtroom be declared void for lack of

---

[2] On April 10, 2017, Plaintiff filed another *pro se* and *in forma pauperis* suit naming the State of Louisiana as the sole Defendant. (Case No. 17-3061; Rec. Doc. 1.) In the Consolidated Complaint, Plaintiff's asserts identical factual allegations as those discussed above. As such, on September 13, 2017, the case was transferred and consolidated with case number 16-2125 before this Court. (Rec. Doc. 51.)

9

jurisdictional evidence over plaintiff . . . in determining its scope and delineation of scope of the Moslem Moorish American nationality-race . . . ." (Case No. 17-3061; Rec. Doc. 1.)

Because Plaintiff has filed the Consolidated Complaint in forma pauperis, the Court may *sua sponte*, consider whether all or part of Plaintiff's complaint should be dismissed as frivolous. *See Washington v. U.S. Ct. of App. Fifth Cir.*, 8-4583, 2009 WL 482134, at *2 (E.D. La. Feb. 20, 2009) (citing 28 U.S.C. § 1915(e)(2)(B)). The Court "may dismiss an [in forma pauperis] proceeding for frivolousness or maliciousness at any time, before or after service of process, and [the Court] is vested with especially broad discretion in determining whether such a dismissal is warranted." *Id.* (quoting *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1998)). The Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Id*. (citing *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994)). However, a court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Id*.

(citing *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)). Additionally, "[a] complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants." *Id*. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." *Id*. (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993)).

Here, the Court finds that Plaintiff's claims against the State of Louisiana are frivolous and must be dismissed. The alleged facts in this matter show that Plaintiff's claims are clearly baseless and have no merit. Plaintiff appears to request that this Court void the state court proceedings against him because his "Moslem Moorish American nationality" makes him immune from suit. As the Court has noted in its previous order, Plaintiff's suit is an attempt to escape the laws of this country. *See* Rec. Doc. 43. The fact that Plaintiff claims he is "Moslem Moorish American" does not permit him to ignore or be immune from the laws of the state and federal government. Courts have consistently rejected arguments similar to Plaintiff's as frivolous and utterly baseless. *See e.g.*, *Bey v. Bank of Am.*, 14-2797, 2015 WL 4168447, at *3 (E.D. La. July 8, 2015) ("Any claim to ownership by Plaintiff based on his alleged status as an 'Indigenous Moorish American National' lacks any legal basis and

11

is thus disregarded as frivolous."); *Alozie El v. City of Shreveport*, 17-1339, 2017 WL 5935837, at *1 (W.D. La. Oct. 20, 2017) ("The Moorish National' arguments that underlie the petition are meritless."); *Caldwell v. Wood,* 7-41, 2010 WL 5441670 at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the "Moorish–American" nation is ludicrous."). Additionally, Plaintiff's prosecution is malicious in that Plaintiff has previously asserted similar claims against the same Defendant, the State of Louisiana, which the Court dismissed with prejudice. *See* Rec. Doc. 43.

Therefore, the Court dismisses Plaintiff's claims against the consolidated defendant, the State of Louisiana, with prejudice. In light of this conclusion, Plaintiff's *Motion for Summary Judgment* (Rec. Doc. 52) is denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss* **(Rec. Doc. 60)** filed by former Sheriff Normand, in his individual capacity, and current Sheriff Joseph Lopinto, in his official capacity as the Sheriff of Jefferson Parish, is hereby **GRANTED**. Plaintiff's individual and official capacity claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the consolidated Defendant, the State of Louisiana, are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Summary Judgment* **(Rec. Doc. 52)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 20th day of February, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE